IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT ALAN FRIDAY, | ) |
| AIS #00289231, | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. 1:22-00274-TFM-N** |
| | ) |
| PATRICE JONES, *Warden III*, | ) |
| *Bullock Correctional Facility*, | ) |
|     Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Robert Alan Friday, an Alabama prisoner then incarcerated with the

Alabama Department of Corrections (ADOC) at its Bullock Correctional Facility in

Union Springs, Alabama, who is proceeding without counsel (*pro se*), initiated this

case on July 8, 2022, by filing a habeas petition under 28 U.S.C. § 2241 challenging

the calculation of jail credits and his release date related to a sentence he was serving

under a 2020 criminal judgment handed down by the Circuit Court of Baldwin County,

Alabama (Doc. 1).[1] He also paid the requisite $5 filing fee for this habeas action. *See*

(Doc. 2); 28 U.S.C. § 1914(a). The assigned District Judge has referred the petition to

---

[1]      While the petition is on a form for habeas petitions under 28 U.S.C. § 2254, "challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008); *Moody v. Holman*, 887 F.3d 1281, 1287 (11th Cir. 2018). *See also United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (per curiam) ("Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework.").

Because Friday is in custody under the judgment of a state court within this judicial district, this Court has statutory jurisdiction to entertain his habeas petition. *See* 28 U.S.C. §§ 81(c)(2), 2241(d).

the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (Doc. 3 & 7/12/2022 electronic reference notation). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

After conducting preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned ordered the Respondent to file and serve an answer to the petition under Rule 5 of the Rules Governing Section 2254 Cases. The Respondent timely complied on August 29, 2022, asserting that Friday's petition was due to be dismissed for failure to present an issue of federal law cognizable on federal habeas review. (*See* Doc. 8). Friday filed a reply to the Answer, dated September 30, 2022. (*See* Doc. 9).

## I.    *Analysis*

### a.  **Mootness of Petition**

A recent review of ADOC's online "Inmate Search" tool (https://doc.alabama.gov/InmateSearch (last visited July 8, 2024)) reveals that Friday is no longer in ADOC custody, indicating he has finished serving his sentence of

---

[2] *See* Rule 1(b) of the Rules Governing § 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas petition not [filed under 28 U.S.C. § 2254]."); S.D. Ala. CivLR 9(b) ("The Court may apply any of the Rules Governing 28 U.S.C. § 2254 Cases in the United States District Courts to applications for release from custody under 28 U.S.C. § 2241.").

incarceration. In light of this development, the undersigned concludes that Friday's

present § 2241 petition is due to be dismissed as moot.

> Article III of the Constitution "limits the jurisdiction of federal courts to
> 'cases' and 'controversies,' " and the justiciability doctrine's main
> components include mootness. *See Christian Coal. of Fla., Inc. v. United
> States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation marks omitted).
> A cause of action becomes moot "when it no longer presents a live
> controversy with respect to which the court can give meaningful relief."
> *See id.* (quotation marks omitted).
>
> Because mootness is jurisdictional, [a court is] required to resolve any
> question implicating the doctrine before we assume jurisdiction over an
> [action]. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008)
> … In considering mootness, we look at the events at the present time, not
> at the time the complaint was filed … *Dow Jones & Co. v. Kaye*, 256 F.3d
> 1251, 1254 (11th Cir. 2001).

*Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022). "The fundamental question is

whether events have occurred that deprive [the federal courts] of the ability to give

the [petitioner] meaningful relief." *Id.* at 1107.

Here, the only claims at issue were whether the State of Alabama had properly

calculated all jail credit Friday was allegedly due, and thus whether it had properly

set Friday's release date. Because Friday has served his sentence of incarceration and

been released, this Court can no longer provide him meaningful habeas relief on those

issues, and this action is due to be dismissed without prejudice as moot. *See Hernandez

v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (per curiam) (affirming dismissal of

state habeas petition "alleging that prison officials had unconstitutionally

miscalculated [the petitioner's] gain time credits" as moot where the petitioner was released from custody while the petition was still pending).[3]

## b. Certificate of Appealability

For habeas petitions brought by persons in state custody, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A).[4]

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Where habeas relief is denied on procedural

---

[3] Even if Friday's § 2241 petition is not moot, he would still be due no relief because the petition presents no claim for a violation of <u>federal</u> rights. As the Respondent's Answer correctly points out, the United States Supreme Court "has repeatedly held that '"federal habeas corpus relief does not lie for errors of state law."'" *Wilson v. Corcoran*, 562 U.S. 1, 5, 131 S. Ct. 13, 178 L. Ed. 2d 276 (2010) (per curiam) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L.Ed.2d 606 (1990))). As Friday's reply (Doc. 9) makes clear, his claims hinge on how he believes <u>Alabama</u> <u>state</u> law requires jail credit and release dates be calculated.

[4] "Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). For all cases, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). While "a COA does not require a showing that the appeal will succeed[,]" a "prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (quotations omitted).

Upon due consideration, the undersigned finds that Friday should be **DENIED** a certificate of appealability in connection with the dismissal of this habeas action. Friday has failed to make a substantial showing of the denial of a constitutional right,

*see* n.3, *supra*, and reasonable jurists would not find it debatable or wrong that dismissal for mootness is warranted.[5]

## *II.    Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Friday's petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed July 8, 2022 (Doc. 1), be **DISMISSED without prejudice** as **MOOT**, that the Court **DENY** Friday a Certificate of Appealability in connection with this dismissal, and that such final judgment thereafter be set out by separate document in accordance with Federal Rule of Civil Procedure 58.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. Gen LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a

---

[5]     Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection by the petitioner to the recommendation to deny a certificate of appealability, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1)

waives the right to challenge on appeal the district court's order based on unobjected-

to factual and legal conclusions if the party was informed of the time period for

objecting and the consequences on appeal for failing to object. In the absence of a

proper objection, however, the court may review on appeal for plain error if necessary

in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must

identify the specific finding or recommendation to which objection is made, state the

basis for the objection, and specify the place in the Magistrate Judge's report and

recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the Magistrate Judge is not

specific.

    **DONE** this the **9th** day of **July 2024**.

                        */s/ Katherine P. Nelson*
                        **KATHERINE P. NELSON**
                        **UNITED STATES MAGISTRATE JUDGE**